

**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ 08625-0080

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

February 7, 2024

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:    Letter pursuant to Fed. R. App. P. 28(j) in No. 24-1111, *First Choice Women's Resource Centers, Inc. v. Platkin*.

Dear Ms. Dodszuweit:

      Nothing in Appellant's letter explains why the New Jersey Superior Court's order setting a motion date to consider whether to enforce the Subpoena cures any of the deficiencies in Appellant's application in this Court for an injunction pending appeal.[1] The setting of a motion date addresses neither of the fatal defects in Appellant's application regarding likelihood of success: Appellant cannot overcome settled ripeness precedent, and Appellant will not likely prevail on the ultimate merits of its federal action.

      The Superior Court's order does not bear on ripeness of this federal case. As a wealth of precedent explains, Appellant has no ripe dispute in this Court unless and until the court decides to actually compel compliance with the Subpoena—which it may or may not ultimately do. Unless the court does so, Appellant will not be required to produce documents, and faces no risk of penalties for that failure. That is neither unfair nor unusual, given both the nature of non-self-executing subpoenas and the fact that the state court is equally competent to address Appellant's constitutional arguments and

---

[1] At Appellant's request, the State readily consented to an adjournment of that motion date.



provide Appellant an "adequate remedy at law." *Reisman v. Caplin*, 375 U.S. 440, 443 (1964). The state court—which has a ripe controversy before it as it is the entity that must decide whether to compel document production—may proceed with its case regardless of the filing of a federal action. *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 329 (2007).

Nor does the existence of the state-court action improve Appellant's position on the equities. Appellant remains unable to explain why the state court's adjudication of its claims works an irreparable harm. And even if the possibility of a state-court preclusive judgment *were* irreparable harm to Appellant, so too would the State suffer irreparable harm if this Court enjoins the state-court action. As before, Appellant's effort to enjoin an ongoing state-court proceeding would improperly stymie an investigation into fraud and misconduct and incentivize state subpoena recipients to rush to the federal courts to avoid compliance.

        Respectfully yours,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

By:  /s/ Angela Cai
      Angela Cai
      Deputy Solicitor General

Word Count: 348

CC: All counsel via ECF