UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

CCO-078-E

No. 24-1111

FIRST CHOICE WOMAN'S RESOURCE CENTERS INC,
Appellant

v.

ATTORNEY GENERAL NEW JERSEY

(D.N.J. No. 3-23-cv-23076)

Present: KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

1. Motion by Appellant to Expedite Briefing, Argument, and Ruling with proposed briefing schedule as follows:

   Appellant's Opening Brief due March 22, 2024
   Appellee's Response Brief due April 19, 2024
   Appellant's Reply Brief due April 29, 2024
   Argument before May 9, 2024
   Ruling by May 16, 2024;

2. Response by Appellee in opposition to Motion;

3. Reply by Appellant in support of Motion.

Respectfully,
Clerk/amr

_____ORDER_____

Appellant's motion to expedite this appeal is DENIED. The basis for the motion is Appellant's concerns (which Appellant previously stated in its emergency motion for injunction pending appeal) that, "absent a prompt decision by this Court . . . , First Choice's federal claims will soon become precluded by a parallel state-court enforcement action. . . ." Mot. at 1. We are mindful of those concerns. Indeed, because of them, our order denying Appellant's emergency motion for injunction was without prejudice to the filing of a motion to expedite this appeal. *See* Order, Feb. 15, 2024.

But Appellant did not promptly file a motion to expedite. It did not file the instant

motion until February 29, 2024.  And when it did, it did not inform this Court that-three days earlier—through the same counsel representing it in this appeal—Appellant had filed a petition for a writ of mandamus in the United States Supreme Court.  Pet. for Mandamus, *In re First Choice Women's Res. Ctrs., Inc.*, No. 23-941, 2024 WL 865946 (U.S. Feb. 26, 2024).

In that petition, Appellant asked the Supreme Court to "direct the district court to take jurisdiction and rule on First Choice's motion for TRO and preliminary injunction in a manner that will preserve this Court's appellate review." *Id.* at 5.  Yet that is essentially the same relief Appellant seeks from this Court on an expedited basis.  But Appellant did not advise us it was seeking that relief in the Supreme Court.  Nor did Appellant advise the Supreme Court that it was filing a motion to expedite in this Court.  Instead, it represented to the Supreme Court that it lacked "any effective recourse . . . in the Third Circuit" such that "[n]othing other than mandamus will provide First Choice adequate relief." *Id.* at 27-28.  Appellant also disavowed in the Supreme Court any need for that Court to resolve its petition on an emergency basis.  *See* Ltr. to Clerk, *In re First Choice Women's Res. Ctrs., Inc.*, No. 23-941 (U.S. Feb. 28, 2024).

This Court will not expedite Appellant's appeal while Appellant is simultaneously pursuing extraordinary relief from the Supreme Court and representing to that Court that expedited treatment is not necessary.  Moreover, Appellant's counsel are cautioned that they must exercise complete candor in all future filings in this Court.  *See Wharton v. Superintendent Graterford SCI Phila. Dist. Attorney's Office*, No. 22-2839, --- F.4d ---, 2024 U.S. App. LEXIS 5642, at *2 (3d Cir. Mar. 8, 2024) ("Courts rely on lawyers' honesty; lawyers may not mislead them.").  Failure to do so may result in sanctions.

By the Court,

s/Cheryl Ann Krause
Circuit Judge

Dated: March 11, 2024
CJG/cc:    Erin M. Hawley, Esq.
            Lincoln D. Wilson, Esq.
            Angela Cai, Esq.
            Samuel Rubinstein, Esq.