APPEAL NO. 24-1111

# United States Court of Appeals for the Third Circuit

FIRST CHOICE WOMEN'S RESOURCE CENTERS, INC.,

*Plaintiff-Appellant*,

v.

MATTHEW PLATKIN, in his official capacity as Attorney General of the State of New Jersey,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the District of New Jersey
Case No.: 3:23-cv-23076

**JOINT APPENDIX
VOLUME I**

ERIN M. HAWLEY
LINCOLN DAVIS WILSON
TIMOTHY A. GARRISON
GABRIELLA M. MCINTYRE
ALLIANCE DEFENDING FREEDOM
440 First Street, NW, Suite 600
Washington, DC 20001
(202) 393-8690
ehawley@ADFlegal.org
lwilson@ADFlegal.org
tgarrison@ADFlegal.org
gmcintyre@ADFlegal.org

*Counsel for Plaintiff-Appellant*

MATTHEW J. PLATKIN
*Attorney General of New Jersey*

DAVID LEIT
*Assistant Attorney General*

LIZA B. FLEMING
SAMUEL L. RUBINSTEIN
LAUREN E. VAN DRIESEN
*Deputy Attorneys General*

Office of the New Jersey Attorney General
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 080
Trenton, NJ 08625-0080
973-648-2935
Samuel.rubinstein@law.njoag.gov

*Counsel for Defendant-Appellee*

## APPENDIX TABLE OF CONTENTS
## VOLUME I

| ECF No. | Document Description | Page No. |
| --- | --- | --- |
| 30 | Notice of Appeal | App.001 |
| 29 | Order | App.003 |
| 28 | Memorandum Opinion | App.004 |

Lincoln Davis Wilson (N.J. Bar No. 02011-2008)
Timothy A. Garrison*
Gabriella McIntyre*
Mercer Martin*
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
lwilson@ADFLegal.org
tgarrison@ADFLegal.org
gmcintyre@ADFLegal.org
mmartin@ADFLegal.org

*Counsel for Plaintiff-Appellant*
**Motion for pro hac vice admission filed*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| **FIRST CHOICE WOMEN'S RESOURCE CENTERS, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**MATTHEW PLATKIN**, in his official capacity as Attorney General for the State of New Jersey,<br><br>*Defendant.* | Civil Action File No.: 3:23-cv-23076-MAS-TJB<br><br>**NOTICE OF APPEAL**<br><br>*Document Filed Electronically* |

PLEASE TAKE NOTICE that Plaintiff First Choice Women's Resource Centers, Inc. hereby appeals to the United States Court of Appeals for the Third

Circuit from the January 12, 2024 Memorandum (Dkt. 28) and Order (Dkt. 29) denying its motion for temporary restraining order and dismissing this action *sua sponte* for lack of subject matter jurisdiction.

Dated: January 16, 2023                Respectfully submitted,

/s/ Lincoln Davis Wilson
Lincoln Davis Wilson (N.J. 02011-2008)
Timothy A. Garrison*
Gabriella McIntyre*
Mercer Martin*
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
lwilson@ADFLegal.org
tgarrison@ADFLegal.org
gmcintyre@ADFLegal.org
mmartin@ADFLegal.org

*Counsel for Plaintiff-Appellant*

*Motion for pro hac vice admission filed

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FIRST CHOICE WOMEN'S RESOURCE
CENTERS, INC.,

        Plaintiff,

v.

MATTHEW J. PLATKIN, in his official
capacity as Attorney General for the State of
New Jersey,

        Defendant.

Civil Action No. 23-23076 (MAS) (TJB)

**ORDER**

This matter comes before the Court upon Plaintiff First Choice Women's Resource Centers, Inc.'s ("Plaintiff") motion for a temporary restraining order and preliminary injunction. (ECF No. 12.) Defendant Matthew J. Platkin, in his official capacity as Attorney General for the State of New Jersey ("Defendant" or the "State"), opposed (ECF No. 24), and Plaintiff replied (ECF No. 25). After consideration of the parties' submissions, the Court decides Plaintiff's motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth in the accompanying Memorandum Opinion,

**IT IS** on this ___12th___ day of January, 2024 **ORDERED** as follows:

1. Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 12) is **DENIED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

App.003

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIRST CHOICE WOMEN'S RESOURCE CENTERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW J. PLATKIN, in his official capacity as Attorney General for the State of New Jersey, <br><br> Defendant. | Civil Action No. 23-23076 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff First Choice Women's Resource Centers, Inc.'s ("Plaintiff") motion for a temporary restraining order ("TRO") and preliminary injunction. (ECF No. 12.) Defendant Matthew J. Platkin, in his official capacity as Attorney General for the State of New Jersey ("Defendant" or "State"), opposed (ECF No. 24), and Plaintiff replied (ECF No. 25). After consideration of the parties' submissions, the Court decides Plaintiff's motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, this Court dismisses the motion sua sponte as it finds that it lacks subject-matter jurisdiction over Plaintiff's claims.

I.  **BACKGROUND**[1]

The Court recites only the facts necessary to contextualize the Court's jurisdictional findings. On November 15, 2023, Defendant issued an administrative subpoena (the "Subpoena") to Plaintiff. (Compl. ¶ 67, ECF No. 1.) The Subpoena indicates that it was issued pursuant to the State's power under the New Jersey Consumer Fraud Act (the "CFA"), the Charitable Registration and Investigation Act (the "CRIA"), and the Attorney General's investigative authority regarding Professions and Occupations. (*Id.* ¶ 68; *see also* Subpoena 1, ECF No. 5-9.) The Subpoena seeks the production of a substantial amount of information over at least a ten-year period. (*See* Compl. ¶ 69.) The Subpoena listed a December 15, 2023 return date. (Subpoena 1.)

On December 13, 2023, Plaintiff filed a Complaint in this Court alleging that the Subpoena is overbroad and asserting several different constitutional challenges both against the Subpoena and the New Jersey statutes that authorize the State to issue it.[2] (*See* Compl. ¶¶ 80-177.) Shortly thereafter, Plaintiff filed the instant motion for a TRO seeking to stop the State's enforcement of the Subpoena. (*See generally* TRO, ECF No. 12.) As Plaintiff filed this lawsuit before the Subpoena return date passed, Plaintiff has not yet produced any documents. In addition, the State has not sought to enforce the Subpoena against Plaintiff in state court while the instant TRO is pending. (*See* Compl. ¶¶ 71-79; Stay Order, ECF No. 14.)

---

[1] As the Court sua sponte raises the issue of subject matter jurisdiction upon consideration of the allegations as presented on the face of the Complaint, the Court assumes that the Complaint's well-pleaded factual allegations are true. *Cepulevicius v. Arbella Mut. Ins.*, No. 21-20332, 2022 WL 17131579, at *1 (D.N.J. Nov. 22, 2022) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).

[2] Plaintiff asserts the following claims: (1) First Amendment: Retaliatory Discrimination; (2) First and Fourteenth Amendments: Selective Enforcement/Viewpoint Discrimination; (3) First Amendment: Free Exercise; (4) First Amendment: Free Association; (5) First Amendment: Privilege; (6) Fourth Amendment: Unreasonable Search and Seizure; (7) First Amendment: Overbreadth; (8) First and Fourteenth Amendment: Vagueness; and (9) First Amendment: Unbridled Discretion. (Compl. ¶¶ 80-177.)

On these facts, the Court finds it appropriate to assess sua sponte whether Plaintiff's Complaint, predicated on a state-agency's subpoena issued under the authority of state law and which the State has not yet sought to enforce against Plaintiff, is ripe for adjudication. *See Nat'l Fire & Marine Ins. Co. v. Genesis Healthcare, Inc.*, No. 22-3377, 2023 WL 8711823, at *2 (3d Cir. Dec. 18, 2023) (finding that only where a controversy is ripe does a federal court have subject-matter jurisdiction over a plaintiff's claims).

## II.   **LEGAL STANDARD**

Article III of the Constitution limits the federal judiciary's authority to exercise its "judicial Power" to "Cases" and "Controversies" over which the federal judiciary is empowered to decide. *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 538 (3d Cir. 2017) (quoting U.S. CONST. art. III, § 2). "This case-or-controversy limitation, in turn, is crucial in 'ensuring that the Federal Judiciary respects the proper—and properly limited—role of the courts in a democratic society.'" *Id.* at 539 (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). The existence of a case or controversy, therefore, is a necessary "prerequisite to all federal actions." *Phila. Fed'n of Tchrs. v. Bureau of Workers' Comp.*, 150 F.3d 319, 322 (3d Cir. 1998) (quoting *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994)).

Federal courts ensure that they are properly enforcing the case-or-controversy limitation through "several justiciability doctrines that cluster about Article III . . . including 'standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions.'" *Plains*, 866 F.3d at 539 (quoting *Tolls Bros., Inc. v. Township of Readington*, 555 F.3d 131, 137 (3d Cir. 2009)). Where a justiciability doctrine, like ripeness, is implicated, "[f]ederal courts lack [subject-matter] jurisdiction to hear" parties' claims, and the claims must be dismissed. *See Battou*

*v. Sec'y U.S. Dep't of State*, 811 F. App'x 729, 732 (3d Cir. 2020) (citing *Armstrong World Indus., Inc. ex rel Wolfson v. Adams*, 961 F.2d 405, 410-11 (3d Cir. 1992)).[3]

## III. DISCUSSION

Upon this Court's sua sponte review of Plaintiff's allegations, Plaintiff's Complaint must be dismissed because this Court lacks subject-matter jurisdiction over Plaintiff's claims. Specifically, Plaintiff's claims are not ripe, and therefore, the current emergent controversy is not justiciable by a federal court.

"The function of the ripeness doctrine is to determine whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Wayne Land & Min. Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 522 (3d Cir. 2018) (citation omitted). This principle derives from the notion that courts should not be deciding issues that rest "upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Turnbull*, 134 F. App'x at 500 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Here, the Court finds that a dispute regarding the enforceability of the State's non-self-executing state-administrative subpoena is not ripe for adjudication by a federal court. Critically, the Subpoena expressly derives its authority from two state-statutory sources: N.J. Stat.

---

[3] "Federal Courts are courts of limited jurisdiction and have an obligation to establish subject matter jurisdiction, even if they must decide the issue sua sponte." *Cepulevicius*, 2022 WL 17131579, at *1 (emphasis omitted) (citing *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995)); *see also Council Tree Commc'n, Inc. v. F.C.C.*, 503 F.3d 284, 292 (3d Cir. 2007) (finding that federal courts have an unflagging responsibility to reach the correct judgment of law, especially when considering subject-matter jurisdiction "which call[s] into question the very legitimacy of a court's adjudicatory authority" (citation omitted)); *Gov't Emps. Ret. Sys. of Gov't of U.S. V.I. v. Turnbull*, 134 F. App'x 498, 500 (3d Cir. 2005) ("Considerations of ripeness are sufficiently important that [federal courts] are required to raise the issue sua sponte, even when the parties do not question [the court's] jurisdiction" (emphasis omitted) (citing *Felmeister v. Off. of Att'y Ethics*, 856 F.2d 529, 535 (3d Cir. 1988)).

Ann. § 56:8-4 (within the CFA) and N.J. Stat. Ann. § 45:17A-33(c) (within the CRIA). Notably, these state statutes require that if the State wants to enforce a subpoena against a non-compliant subpoena recipient, it must file an enforcement action in state court seeking a judgment of contempt against the recipient. N.J. Stat. Ann. § 56:8-6; N.J. Stat. Ann. § 45:17A-33(g). In this way, the Subpoenas are not "self-executing" because they require court intervention.

This distinction is significant because the Fifth Circuit in *Google, Inc. v. Hood* persuasively found that challenges to a non-self-executing state-administrative subpoena that has yet to be enforced against a plaintiff are not ripe for resolution in federal court. *See* 822 F.3d 212, 216 (5th Cir. 2016). In *Google,* the Mississippi Attorney General issued a "broad administrative subpoena, which Google challenged in federal court" in part arguing that the administrative subpoena would be "incredibly burdensome" in violation of its First and Fourth Amendment rights. *Id.* at 216, 220. The state statute that authorized the Attorney General to issue the administrative subpoena did not give the Attorney General the power to enforce the subpoena. *Id.* at 225. Rather, the statute provided that "if the recipient refuses to comply, the Attorney General 'may, after notice, apply' to certain state courts 'and, after hearing thereon, request an order' granting injunctive or other relief . . . enforceable through contempt.'" *Id.* (quoting MISS. CODE ANN. § 75-24-17). The district court "granted a preliminary injunction prohibiting [the Attorney General] from (1) enforcing the administrative subpoena or (2) bringing any civil or criminal action against Google." *Id.* at 216.

Upon consideration of the lower court's decision, the Fifth Circuit vacated the preliminary injunction and remanded the matter finding that neither "the issuance of [a] non-self-executing administrative subpoena nor the possibility of some future enforcement action created an imminent threat of irreparable injury ripe for adjudication." *Id.* at 228. The Fifth Circuit reasoned:

> [W]e see no reason why a state's non-self-executing subpoena should be ripe for review when a federal equivalent would not be.[4] If anything, comity should make us less willing to intervene when there is no current consequence for resisting the subpoena and the same challenges raised in the federal suit could be litigated in state court.

*Id.* at 226 (citing *O'Keefe v. Chisholm*, 769 F.3d 936, 939-42 (7th Cir. 2014)); *see also CBA Pharma, Inc. v. Perry*, No. 22-5358, 2023 WL 129240, at *3-4 (6th Cir. Jan. 9, 2023) (citing *Google* to support a finding that pre-enforcement consideration of a subpoena's validity is not ripe); *Exxon Mobil Corp. v. Schneiderman*, 316 F. Supp. 3d 679, 695 (S.D.N.Y. 2018) (following *Google* and agreeing that "a state's non-self-executing subpoena is not legally distinguishable . . . from the federal equivalent" and therefore a pre-enforcement challenge to a state non-self-executing subpoena is not ripe for adjudication). Integral to this reasoning was that in Mississippi, the state court had the statutory authority to modify or quash the subpoena that the Attorney General sought to enforce against Google, and Google could therefore raise any objections to the state's administrative subpoena in state court if enforcement proceedings were initiated.[5] *Id.* at 225, 225 n.10.

---

[4] To this end, the Court cited Supreme Court and Tenth Circuit case law that held that a federal court could not adjudicate pre-enforcement challenges to federally-based non-self-executing subpoenas or summonses. *Google*, 822 F.3d at 225; *see also Reisman v. Caplin*, 375 U.S. 440, 443-46 (1964); *Belle Fourche Pipeline Co. v. United States*, 751 F.2d 332, 334-35 (10th Cir. 1984).

[5] Specifically, the Fifth Circuit persuasively found that:

> Mississippi law expressly provides for the quashing of court-issued subpoenas . . . And we will of course not presume that Mississippi courts would be insensitive to the First Amendment values that can be implicated by investigatory subpoenas, . . ., or to the general principle that "[c]ourts will not enforce an administrative subpoena . . . issued for an improper purpose, such as harassment," *Burlington N. R.R. Co. v. Off[.] of Inspector Gen[.]l*, 983 F.2d 631, 638 (5th Cir. 1993) (citing *United States v. Powell*, 379 U.S. 48, 58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)).

Significantly, this case is factually identical to *Google*. Here, like in *Google*, the State issued a broad administrative subpoena to Plaintiff, who then filed the instant matter in federal court arguing in part that the Subpoena would be burdensome in violation of the First and Fourth Amendments. (Compl. ¶¶ 127-77; Pl.'s TRO Moving Br. 15-28, ECF No. 5-1.) Both of the state statutes that the State identified as empowering it to issue the Subpoena, like the Mississippi state statute in *Google*, provide that the State may enforce the Subpoena by applying to the state court and obtaining an order adjudging the subpoena-recipient in contempt of court. N.J. Stat. Ann. § 56:8-6 ("If any person shall fail or refuse to file any statement or report, or obey any subpoena issued by the Attorney General, the Attorney General may *apply to the Superior Court and obtain an order* . . . [a]djudging such person in contempt of court."); N.J. Stat. Ann. § 45:17A-33 ("If a person . . . fails to obey a subpoena issued pursuant to this act, the Attorney General may apply to the Superior Court and obtain an order . . . [a]djudging that person in contempt of court."). Finally, similar to Mississippi law in *Google*, New Jersey state law expressly authorizes state courts to quash or modify a subpoena if "compliance would be unreasonable or oppressive." N.J. STAT. ANN. § 1:9-2. As such, the Fifth Circuit's reasoning in *Google* as to the federal court's role in considering a non-self-executing administrative subpoena before it has been enforced is directly applicable to the facts of this case.

This Court finds the Fifth Circuit's reasoning in *Google* persuasive. This Court, like the Fifth Circuit, is skeptical that a state administrative subpoena can be ripe for federal court adjudication where a similar federal administrative subpoena would not be. *Google*, 822 F.3d at 226. Moreover, the ripeness doctrine in this Circuit lends some inferential support to the Fifth Circuit's finding that principles of "comity should make [federal courts] less willing to intervene when there is no *current* consequence for resisting the subpoena and the same challenges raised in

the federal suit could be litigated in state court." *Id.* (emphasis added); *see also Turnbull*, 134 F. App'x at 500 (finding a claim is not ripe when it is predicated "upon contingent *future* events that may not occur as anticipated, or indeed may not occur at all" like a state court finding that a subpoena is enforceable and requiring a plaintiff to comply or face contempt (emphasis added) (quoting *Texas*, 523 U.S. at 300)); *see also Maisonet v. N.J. Dep't of Human Servs., Div. of Family Dev.*, 657 A.2d 1209, 1213 (N.J. 1995) (confirming that state courts can "enforce federal rights or claims" (citing *Felder v. Casey*, 487 U.S. 131, 138 (1988))). Finally, New Jersey state law's allowance for a state court to modify or quash a subpoena if an enforcement proceeding is brought and "compliance would be unreasonable or oppressive" supports a finding that a constitutionally-sufficient injury can only occur here if the state court tasked with enforcing the subpoena refuses to quash or modify the constitutionally-infirm subpoena. N.J. STAT. ANN. § 1:9-2 ("The court on motion made promptly may quash or modify the subpoena or notice if compliance would be unreasonable or oppressive . . .).

By this reasoning, and to be clear, Plaintiff's claims related to the Subpoena's enforceability in this matter would ripen only after the contingent future event that forms the basis of its alleged injury occurs, i.e., if and when the state court enforces the Subpoena in its current form. This is because, were the Court to consider Plaintiff's claims prior to the state court enforcing the Subpoena as written, the Court could only speculate as to whether the state court would, in fact, find the Subpoena enforceable. *See, e.g., Texas*, 523 U.S. at 300 ("A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'") Significantly, through this lens, the concept of ripeness overlaps with another justiciability doctrine of equal concern: standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted) (finding that in order to establish Article III standing, a plaintiff

must show that it suffered an "injury in fact" which is "concrete and particularized" as well as "actual or imminent, *not 'conjectural' or 'hypothetical*.'" (emphasis added)).[6] Because this Court cannot yet know whether the state court tasked by the New Jersey state legislature with overseeing subpoena enforcement proceedings like this will, in fact, enforce the Subpoena in its current form, this matter is not ripe for resolution because no actual or imminent injury has occurred. This Court, consequently, lacks subject-matter jurisdiction over Plaintiff's claims.

As a final note, the Court acknowledges Plaintiff's briefing on the factual similarities between this case and the Third Circuit's recent decision in *Smith & Wesson, Inc. v. Attorney General of N.J.*, 27 F.4th 886 (3d Cir. 2022). (*See* Pl.'s Reply Br. 5-6, ECF No. 25.) The Court also recognizes Plaintiff's concerns with the procedural tangle that ensued from simultaneous federal and state proceedings in that matter. (*Id.*) First, the procedural tangling that Plaintiff expresses concern for in the *Smith & Wesson* lineage of cases is on appeal to the Third Circuit and this Court makes no suggestion or findings as to what the outcome of that appeal may or should

---

[6] The Court finds it necessary to pause on this overlap because it is very much at play in this matter. Specifically, "[t]he constitutional component of ripeness overlaps with the "injury in fact" analysis for Article III standing." *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (citations omitted); *see also* 13B CHARLES ALAN WRIGHT & ARTHUR R. MILLER FEDERAL PRACTICE AND PROCEDURE § 3532.1 (3d Ed. 2023) ("'[T]o say a plaintiff's claim is constitutionally unripe is to say the plaintiff's claimed injury, if any, is not "actual or imminent," but instead "conjectural or hypothetical."'" Logically, it makes no difference that a claim not ripe today *might* in the future ripen into an injury that establishes standing." (emphasis added) (quoting *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688-89 & nn.6, 7 (2d Cir. 2013)); *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462, 1470 n.14 (3d Cir. 1994) (acknowledging that standing and ripeness are related and often "confused or conflated," and finding that a plaintiff had Article III standing for the same reasons his claims were ripe). As such, in finding that Plaintiff's claims are not ripe, the Court is also functionally finding that Plaintiff has not shown Article III standing because its injuries are not actual or imminent. *Google*, 822 F.3d at 227 (acknowledging this overlap implicitly when finding that neither "the issuance of [a] non-self-executing administrative subpoena nor the possibility of some future enforcement action created an imminent threat of irreparable injury ripe for adjudication.")

be. *See Smith & Wesson Brands, Inc. v. Grewal*, No. 20-19047, 2022 WL 17959579, at *5 (D.N.J. Dec. 27, 2022). Second, and importantly, the Court's finding today avoids the *Smith & Wesson* tangle because the trouble in *Smith & Wesson* resulted from the lower court abstaining from hearing a plaintiff's claims in federal court.[7] *See Smith & Wesson*, 27 F.4th at 889-91. Here, in finding that Plaintiff's claims are not ripe for adjudication, this Court is not abstaining from this matter any more than any federal court abstains as it awaits a plaintiff's claim to ripen. *Wayne Land & Min. Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 522 (3d Cir. 2018) (citation omitted) ("The function of the ripeness doctrine is to determine whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine."). Accordingly, the Court's decision here does not run afoul of *Smith & Wesson*.

---

[7] The Court recognizes that its Memorandum Opinion today functionally finds that a non-self-executing state administrative subpoena that derives its authority from a state statute identifying a state court as the subpoena's sole enforcement mechanism may seldom if ever be ripe for adjudication in federal court. This is because, as the law currently stands in this District, if a plaintiff's claims in federal court are not ripe until after a state court has ruled on the enforceability of a subpoena, res judicata principles will likely bar a plaintiff from filing a claim in federal court pertaining to the state-court enforced subpoena. *See Smith & Wesson*, 2022 WL 17959579, at *5 (providing an example of this exact scenario occurring within the *Smith & Wesson* lineage of cases). Nevertheless, as the law stands, this Court is satisfied that it reaches the right jurisprudential outcome in this case with respect to the justiciability of Plaintiff's current claims. Principles of federalism and comity make it hard for this Court to ignore the fact that the New Jersey state legislature specifically empowered the Superior Court of New Jersey to rule on the enforceability of a state administrative subpoena predicated on the State's power under certain state statutes: here, the CFA and CRIA.

IV. **CONCLUSION**

For the reasons outlined above, Plaintiff's motion for a temporary restraining order and preliminary injunction is denied, and Plaintiff's Complaint is dismissed without prejudice. Plaintiff may refile its Complaint in this Court only if it can establish its claims are ripe and that it has Article III standing in a manner consistent with this Memorandum Opinion. If Plaintiff believes certain of its claims are unrelated to the enforceability of the Subpoena, which claims the Court finds are not ripe for adjudication for the reasons provided in this Memorandum Opinion, Plaintiff may file an Amended Complaint alleging such claims on a non-emergent basis.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE